# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

STEPHEN B. BARTEAU, Executor, Etc., of JOSEPH E. ALTHOUSE, Deceased, Respondent, v. THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Appellant.

*Policy of insurance — Warrants — False statements — Answers of assured — how construed.*

This action was brought upon a policy of insurance, issued by the defendant upon the life of plaintiff's testator. The policy was issued July 29th, 1867, and Althouse died June 14th, 1868, of paralysis. In the application for insurance, signed by Althouse, it was declared that his answers to the questions thereby propounded to him, were fair and true ; and that any untrue or fraudulent answers or suppressions of fact, should render the policy null and void. Among the questions put to him was this : " Whether he ever had paralysis ? " to which he answered, " No." *Held*, reversing a judgment in favor of plaintiff, entered upon the verdict of a jury, that, as the evidence in the case proved that, previous to the issuing of the policy, he had had two attacks of paralysis, both of which were, in point of fact, of a seriously alarming character, and were so considered by his physician, his neighbors and himself, this statement in the application was manifestly untrue ; that the policy issued upon this application, containing this false statement, was void, and the plaintiff was not entitled to recover.

The statement in the application should be interpreted with fairness to the assured. If, in fact, he never had more than a temporary illness or ailment, merely indicating the disease in some of its symptoms, but of no pronounced type, his answer should be received and construed with reference to that state of facts. So it is a fair rule of interpretation, that the inquiries put to the applicant for life insurance, are deemed to relate " to matters which affect the general health and the continuance of life," and not to " temporary and occasional physical disturbances, the result of accidental causes, to which all men are more or less subject." *

These are not supposed to be in the minds of the parties.

On the other hand, when the party is interrogated in regard to a disease of well-marked symptoms, alarming in character, which all well-informed persons

---

* MS. opinion of Allen, J., in Higbie, Ex'r., v. Ger. Mu. L. Ins. Co., reported in Memoranda, 53 N. Y., 603.

regard as affecting the general health, and as threatening the continuance of life from the danger of its recurrence, he is bound to speak and to state the exact truth.

APPEAL from a judgment entered in favor of the plaintiff, upon the verdict of a jury, and from an order denying a motion for a new trial made on the judge's minutes, and from an order denying a motion for a new trial, made on the ground of newly-discovered evidence.

The order denying a motion for a new trial, on the ground of newly-discovered evidence, was affirmed, on the ground that the evidence was wholly cumulative, and also because, if due diligence had been used, the evidence could have been discovered and produced upon the trial.

*H. W. McClellan,* for the appellant.

*R. E. Andrews and John Cadman,* for the respondent.

Opinion by BOCKES, J.

MILLER, P. J., and BOARDMAN, J., concurred.

Judgment reversed and new trial ordered, costs to abide the event. The order denying motion for new trial, on the ground of newly-discovered evidence, affirmed, with costs.